United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 18, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10192
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES DAVID SMITH,

Defendant-Appellant.

* * * * * *
Consolidated with
No. 04-10208
* * * * * *

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TARA MARIE CONWAY,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 3:03-CR-272-2-R
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

In this consolidated appeal, James David Smith and Tina Marie

Conway appeal their conditional guilty-plea convictions following

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the denial of their motions to suppress evidence seized from the hotel suite where they were staying on June 20, 2003. Smith pleaded guilty to possession of a firearm by a convicted felon, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and was sentenced to 120 months in prison and three years of supervised release. Conway pleaded guilty to possession of more than 50 grams of methamphetamine with intent to distribute, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and was sentenced to 135 months in prison and five years of supervised release.

Pursuant to their conditional pleas, both Smith and Conway challenge the denial of their motions to suppress. In those motions, the defendants argued that Garland, Texas, police officers had entered and searched their motel suite without a warrant and without the consent of Conway, who had answered the door of the suite, and that the search was not validated by any exception to the warrant requirement, such as "exigent circumstances." In denying the suppression motions, the district court, crediting the officers' testimony and discrediting Conway's, determined that Conway had consented to the officers' entry. According to the officers, when they asked Conway, who answered the door in her nightgown, if they could come in and speak to her about a traffic violation, she answered, "Yes, but I need to get dressed." She then opened the door further and walked back into the suite. Officer Glen Shaw testified that, as soon as Conway opened the door wider, he observed, in plain view on a table in the suite's front room, what he thought to be a gun (which turned out to be a novelty cigarette lighter) and a vial of marijuana, and that when he told

his partner, Officer John Edmonds, "There's a gun," Conway immediately began calling for codefendant Smith in the rear part of the suite. The officers testified that, fearing the male suspect might pose a danger, Officer Shaw rushed to secure the gun and arrest the defendants, and that the following search led to the seizure of a real pistol, methamphetamine, and other incriminating items.[2]

"The standard of review for a motion to suppress based on live testimony at a suppression hearing is to accept the trial court's factual findings unless clearly erroneous or influenced by an incorrect view of the law." United States v. Outlaw, 319 F.3d 701, 704 (5th Cir. 2003) (citations and internal quotation marks omitted). "A warrantless entry into and search of a dwelling is presumptively unreasonable unless consent is given or probable cause and exigent circumstances justify the encroachment." United States v. Santiago, 410 F.3d 193, 198 (5th Cir. 2005), petition for cert. filed (U.S. Aug. 16, 2005) (No. 05-5902). This Fourth Amendment protection extends to guests in motel rooms. United States v. Richard, 994 F.2d 244, 247 (5th Cir. 1993). The Government must prove by a preponderance of the evidence that consent to enter "'was freely and voluntarily given.'" Santiago, 410 F.3d at 198-99 (citation omitted). "The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of 'objective' reasonableness--what would the typical reasonable

---

[2] Conway's suppression-hearing testimony, which the district court discredited, was that the officers had forced their way into the suite without her consent and that none of the incriminating evidence was in plain view in the front room.

person have understood by the exchange between the officer and the suspect?" <u>Florida v. Jimeno</u>, 500 U.S. 248, 251 (1991).

The defendants have not shown that the district court clearly erred by crediting the officers' testimony and discrediting Conway's. See <u>United States v. Walker</u>, 960 F.2d 409, 417 (5th Cir. 1992). Although Conway's qualification of her positive response to the officers' request to enter with the statement that she needed to get dressed appeared to be adequate, standing alone, to "delimit" the scope of her consent so as to require the officers to wait, <u>see</u> <u>Jimeno</u>, 500 U.S. at 252, the district court did not err in concluding that the officers did not act unreasonably in interpreting her actions--pulling the door open wider and stepping back into the suite--as an invitation to enter the room immediately. The defendants do not explicitly challenge the district court's determination that Conway's consent was voluntary. See <u>Outlaw</u>, 319 F.3d at 704; <u>Santiago</u>, 410 F.3d at 199 (outlining six-factor standard for determining voluntariness of consent).

The defendants also do not dispute the district court's determinations about what occurred immediately after the officers entered the room: that Officer Shaw thought he saw a gun, that Conway called for defendant Smith, and that the officers thought they might be in danger. Only in conclusory fashion does defendant Smith argue that these circumstances did not present "exigent circumstances," but we agree with the district court that these circumstances qualified as "exigent." See <u>United States v. Jones</u>, 239 F.3d 716, 720 (5th Cir. 2001). For the foregoing reasons, the

district court did not err in denying the defendants' motions to suppress the evidence.

Defendant Conway argues that the district court erred in failing to suppress her post-arrest statements on the grounds that they were involuntary and that they were "tainted" by the Fourth Amendment violations with respect to the entry and search. Insofar as Conway argues that the statements were involuntarily elicited, this contention was not raised below and is barred by the waiver-of-appeal provision in her plea agreement. See United States v. Portillo, 18 F.3d 290, 292-93 (5th Cir. 1994). Insofar as she argues the confession was "tainted," the district court was correct in concluding that this "fruit of the poisonous tree" argument was meritless because the threshold Fourth Amendment argument was itself meritless.

Because the defendants have not established that the district court erred in denying their motions to suppress, the convictions and sentences are AFFIRMED.